J-S41008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DENNIS L. CHESTNUT, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DAVID A. GARDNER, | |
| Appellee | No. 262 MDA 2017 |

Appeal from the Order Entered January 26, 2017
in the Court of Common Pleas of Lycoming County
Civil Division at No.: 15-00569

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                           **FILED JULY 31, 2017**

Appellant, Dennis L. Chestnut, appeals from the trial court's order entering summary judgment in favor of Appellee, David R. Gardner.  We affirm.

We take the following relevant facts and procedural history from the trial court's January 26, 2017 opinion and our independent review of the certified record.  Appellant operates C & C Tree Service, a tree removal business.  He commenced this litigation by filing a writ of summons on February 27, 2015.  Appellant filed a complaint for negligence on September 1, 2015, claiming that he obtained liability insurance for his business through Appellee, his insurance agent.  The policy period ran from August

_____

[*] Retired Senior Judge assigned to the Superior Court.

12, 2012 through August 12, 2013. Appellant averred that the insurance was cancelled without notice to him and was no longer in effect as of March 2013, and that Appellee failed to procure substitute insurance. He sought reimbursement for the amount he paid as a result of a loss that occurred on August 18, 2013, and for his loss of business while he obtained replacement insurance.

The parties conducted discovery, and Appellant was deposed on April 27, 2016. Appellee filed an answer to the complaint and new matter on September 6, 2016. On December 12, 2016, Appellee filed a motion for summary judgment and supporting brief, and Appellant filed an answer thereto on January 12, 2017. The trial court held argument on the motion on January 24, 2017. On January 26, 2017, the trial court entered an opinion and order granting the motion for summary judgment.[1] This timely appeal followed.[2]

Appellant raises one issue for our review: "Whether the trial court committed error by granting summary judgment without considering

_____

[1] In its opinion, the court erroneously stated that Appellant did not file a response to the motion for summary judgment. (*See* Trial Court Opinion, 1/26/17, at 2).

[2] The trial court did not order Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). In its Rule 1925(a) opinion, filed on February 9, 2017, it referred this Court to its January 26, 2017 opinion for the reasons for its decision. *See* Pa.R.A.P. 1925(a).

[Appellant's] response to the motion and deciding causation as a matter of law?" (Appellant's Brief, at 4).

The overarching question of whether summary judgment is appropriate is a question of law, and thus our standard of review is *de novo* and the scope of review is plenary. Furthermore:

[i]n reviewing the grant of summary judgment, the following principles apply. [S]ummary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt. On appellate review, then, an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals. To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

*Feleccia v. Lackawanna Coll.*, 156 A.3d 1200, 1208–09 (Pa. Super. 2017) (citations and quotation marks omitted).

Instantly, Appellant argues that reversal of summary judgment is necessary because the trial court failed to consider his January 12, 2017 response to Appellee's motion for summary judgment. (**See** Appellant's

- 3 -

Brief, at 7-8, 10; *see also* Trial Ct. Op., at 2 (stating that Appellant did not file a response to the summary judgment motion)). Consequently, he maintains, the court failed to consider the entire record in rendering its decision, and to recognize that factual issues for a jury to resolve exist. (*See* Appellant's Brief, at 7-8, 10). To support his argument, Appellant relies on *Greely v. W. Penn Power Co.*, 156 A.3d 276 (Pa. Super. 2017), which he claims raises "exactly the situation present in the case at bar [where] the trial court did not consider the entire record and did not view the evidence in a light most favorable to the non-moving party." (*Id.* at 10; *see id.* at 9). We disagree.

In *Greely*, this Court reversed the trial court's order granting summary judgment in favor of the defendant utility company in a negligence action arising from the electrocution death of Greely, a telecommunications cable installer. *See Greely*, *supra* at 277. In that matter, the record reflected that the trial court did not consider the expert report submitted by the plaintiff, which opined that the defendant's negligent actions were the proximate cause of Greely's death. *See id.* at 282-83. This Court explained that, at the summary judgment stage, the trial court must defer to the supported conclusions contained in expert reports submitted by the nonmoving party. *See id.* at 283.

In contrast, the instant case does not involve the trial court's alleged disregard of a substantive expert report. Although the court mistakenly stated in its opinion that Appellant did not submit a response to the motion

for summary judgment, a review of that response reveals that it contained nothing substantive. (**See** Response to Motion for Summary Judgment, 1/12/17, at unnumbered pages 1-2). Appellant did not raise any evidence to counter the legal arguments set forth in the motion, and re-raised the same allegations contained in the complaint regarding the failure to notify him of the policy cancellation. (**See id.**). Furthermore, the record reflects that, after Appellee filed the motion for summary judgment and Appellant filed his response, the trial court held argument on the matter, giving the parties the opportunity to develop their claims at that time. (**See** Trial Ct. Op., at 1). Therefore, our holding in **Greely** in inapposite, and does not mandate reversal in this matter. Upon review, we discern no error of law or abuse of discretion in the trial court's grant of summary judgment. **See Feleccia**, **supra** at 1209.[3] Accordingly, Appellant's sole issue on appeal does not merit relief.

Order affirmed.

---

[3] As noted above, Appellant seeks to recover for a loss that occurred after the policy, under its original terms, would have expired. (**See supra**, at *2). Hence, we agree with the trial court's conclusion that Appellant was responsible for knowing the terms of his policy and is barred from recovery. (**See** Trial Ct. Op., at 2).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/2017